## 10831

### YELDELL v. PEOPLE'S BANK ET AL.

### MECHANICS & METALS NAT'L. BANK v. WELLS ET AL.

#### (110 S. E. 789)

BANKS AND BANKING—SECURITIES TURNED OVER TO BANK FOR COLLECTION IMPRESSED WITH TRUST IN HANDS OF TRUSTEES OF BANK ON INSOLVENCY.—Securities turned over to a bank for collection are impressed with a trust in the hands of trustees subsequently appointed when the bank became financially involved, so far as they can be traced; but it matters not in what form, different from the original form, the securities may be in, so long as they can be ascertained to be the property intrusted, and the right ceases only when the

means of ascertainment fail, or the property has come into the hands of a bona fide purchaser for value and without notice.

Before GARY, J., Greenwood.    Affirmed.

Action by W. H. Yeldell, Sr., against the People's Bank and others, in which M. M. Wells and others were appointed trustees of the named defendant to settle its affairs. On petition by the Mechanics & Metals National Bank to require such trustees to turn over collateral in their hands and that it be declared a preferred creditor. From a judgment granting part of the relief prayed for, petitioner appeals.    Affirmed.

The order of the Court below was as follows:

The petition herein, among other things, shows that the People's Bank was a duly organized and chartered banking corporation of South Carolina with its principal place of business at Greenwood, S. C.; that the said corporation became financially involved, and that upon the complaint of one of its stockholders a decree was made by this Court whereby M. M. Wells, W. B. Riley, T. J. Beacham, A. C. Stockman, A. E. Taylor, B. A. Hunter, and W. G. Calhoun were appointed trustees of the said People's Bank with full power to settle its affairs and pay outstanding debts as far as its moneys and properties will settle them, with all the power conferred by the provisions of Section 2815 of the Civil Code et seq.

Under said decree it was further ordered that any creditor or stockholder of the People's Bank should have the right to apply to this Court in this action for any other and further relief to which he or they may think they are entitled, upon due notice of such application. The petition now before me is made in pursuance of this privilege accorded in this said decree.

The petition sets forth that the Mechanics & Metals National Bank, a corporation under the laws of the United States, loaned money to the People's Bank to the amount

of $120,000; that the indebtedness was evidenced by notes in form as set forth in the petition; that the indebtedness was reduced by payment to $90,000; that the People's Bank turned over to the petitioner as security to the payment of the indebtedness collaterals to the amount of $108,000; that none of the indebtedness reduced as above stated has been paid, but the full sum of $90,000 is due and unpaid.

The petition sets forth further that on September 17, 1920, collateral securities to the amount of $108,000, owned and held by the petitioner, were turned over to the officials of the People's Bank in due course of business for collection for the owner.

The petition further alleges that $37,599.54 was collected in cash upon said securities by the People's Bank, and the same was misappropriated to its own use. No more specific statement concerning the cash received is made, nor is any more definite information concerning it brought before us.

It is alleged and admitted that the said securities to the amount of $45,555.90 were turned over to the trustees of the People's Bank as part of the assets of the involved bank.

It is furthe ralleged and admitted that the securities to the amount of $9,465.92 were misappropriated and turned over by the People's Bank as collateral security to an indebtedness to the Wachovia Bank & Trust Company. It is also alleged that the securities to the amount of $15,500 are in the hands of the said trustees, but in a form different from that in which they were turned over by the petitioner to the People's Bank.

There seems to be no question that during last September securities to the amount of $108,000 belonging to the petitioner were turned over to the People's Bank for collection,

and that there has been a misappropriation of the said securities by the People's Bank.

The securities to the amount of $45,555.90 can now be traced to the hands of the trustees, and the same can be identified.

There can be no doubt that this bunch of collaterals should be impressed with a trust in favor of the petitioner, and any further consideration as to what should be done with them may be eliminated.

As to what should be ordered concerning the remainder of the securities is a more perplexing question. It will be recalled that the securities were turned over to the People's Bank for collection by the petitioner last September. The decree of the Court transferring the property of the crippled bank to a board of trustees was made within the last few weeks. At some time between those dates the People's Bank collected $37.599.54 on those securities.

The securities to the amount of $9,465.92 are admittedly not in the hands of the trustees, but are in the hands of the Wachovia Bank of North Carolina.

Securities to the amount of $15,500 are alleged to be in the hands of the trustees in some form different from the form in which they were turned over to the People's Bank by the petitioner, but where is the evidence?

The petitioner asks that the property of the People's Bank turned over to the trustees be impressed with a trust in favor of the petitioner, and that the petitioner be declared to have a first lien on the properties in the hands of the trustees to the extent of the cash collected on the securities of the petitioner, regardless of the manner in which said cash was misappropriated by the People's Bank after its collection. He asks that the securities to the extent of $15,500 alleged to have been merged in other securities be ordered turned over to the petitioner. And he asks that the securities which were placed with and are now

in the hands of the Wachovia Bank be replaced by other securities of equal value to the amount of $9,499.50.

As I understand the law as recognized and followed by the Courts of South Carolina, although some other jurisdictions have followed different lines, it is this: " 'If any property, in its original state and form, is covered with a trust in favor of the principal, no change of that state and form can divest it of such trust, or give the agent or trustee converting it, or those who represent him in right (not being bona fide purchaser for a valuable consideration without notice), any more valid claim in respect to it than they respectively had before such change. * * * It matters not * * * into whatever form, different from the original, the change may have been made, * * * for the product of a substitute for the original thing still follows the nature of the thing itself, so long as it can be asecrtained to be such. The right ceases only when the means of ascertainment fail.' * * * In following a trust fund, it is not necessary to trace the identical coins or bills of which it is composed. Substantial identity is all that need be proved; and therefore a cestui que trust may pursue and recover a trust fund originally received by the trustee in the form of money, so long as its identity as a fund can be ascertained, although he may be unable to trace the identical coins or bank bills in which such money was originally paid to the trustee. * * * 'While the cestui que trust may follow a trust fund through any number of transmutations, and into the hands of any person except a bona fide purchaser for a valuable consideration without notice, so long as he can clearly identify it (meaning, as is shown, * * * substantial identification), it is well settled that his right to so pursue it fails, when the means of ascertaining its identity fails.' " This statement of the law was quoted with approval by our Court in the case of *White v. Bank,* 60 S. C., 127, 38 S. E., 455.

Let us apply this law to the undisputed or admitted facts of the case before us; $9,500 of the trust property is now in the hands of the Wachovia Bank & Trust Company, and is not in the hands of the trustees of the People's Bank. Clearly it cannot be impressed with a trust in this proceeding. So the relief asked for as to those securities must be refused.

Let us apply the law as quoted to the admitted facts concerning the $37,000 collected on the securities at some time last September. No effort is made to substantially identify the fund or to point out the character or the time of its misappropriation. Certainly it is not traceable as a fund to the hands of the trustees, for it was stated in argument and acquiesced in by opposing counsel that only $12,000 in cash has been turned over to the trustees, so the Court is not now in a position to impress a trust on the cash in the hands of the trustees, nor to declare a prior lien on property in their hands on account of the $37,000 collected on the securities since last September. So relief along this line in respect to the $37,000 is refused.

Apply the law above quoted to the facts as to the $15,-555.52 worth of securities alleged to be in the hands of the trustees in a form different from that in which they were originally turned over to the People's Bank. Undoubtedly the petitioner is entitled to these if he can substantially identify them. But here again the Court is embarrassed for lack of evidence of identification of these securities. Perhaps they may be readily distinguished and segregated, but that fact has not been made to appear to the Court. So, whilst the Court must refuse the relief asked for with reference to these securities, the refusal is without prejudice to the right of the petitioner to procure a reference at which evidence may be adduced looking to a substantial identification of the securities referred to.

The same privilege is accorded to the petitioner with reference to the $37,000 above referred to. For the purposes named this proceeding is retained, and not finally disposed of.

The relief asked for with reference to the $45,000 of securities is granted.

*Messrs. Tillman, Mays & Featherstone,* for petitioner-appellant, cite: *Fiduciary obligations:* 34 Cyc., 348; 7 C. J., 751. *Right of cestui qui trust to pursue and recover trust funds:* 2 Story Eq. Jur., Sec. 1258; 2 Pom. Eq. Jur., Sec. 1048; Flint, Trusts, Sec. 317; Tiffany & Bullard, Trusts, 33; 2 Lewin, Trusts, Secs. 835, 836; 13 Ch. Div., 896; 4 DeGex M. & G., 372; 3 Maule & L., 562; 3 How., 333; 18 Wall, 332; 104 U. S., 54; 4 Mason, 16; 67 Ala., 234; 13 Cal., 134; 14 Cal., 658; 31 Cal., 17; 14 Col., 259; 98 Ill., 240; 70 Md., 78; 11 Pick., 173; 36 Minn., 75; 42 Miss., 99; 52 Miss., 902; 52 Mo., 404; 100 Mo., 466; 49 N. J., Eq., 420; 52 N. Y., 1; 69 N. Y., 133; 73 N. Y., 113; 96 N. Y., Baxt., 201; 2 Grat., 544. *Not necessary now that fund be* 32; 22 Pa. St., 16; 57 Pa. St., 202; 98 Am. Dec., 215; 7 *earmarked:* 4 DeGex. M. & G., 372; 2 Him. & M., 420; 13 Ch. Div., 696; 20 Am. St. Rep,. 259; 30 Kan., 156; 83 Mo., 210; 73 N. Y., 113; 57 Pa., St., 202.

*Messrs. Grier & Park,* for respondents, cite: *Funds must be capable of identification:* 60 S. C., 126; 57 L. R. A., 885; 68 Fed. Rep., 979; 14 R. C. L., 3663; 98 Am. St. Rep., 118; 32 Am. St. Rep., 127.

February 27, 1922.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

For the reasons therein stated, the judgment of the Circuit Court is affirmed.